Summers, J.
For what reasons the circuit court dismissed the petition we are not advised. The execution and delivery of the written instrument and the performance of its express conditions are admitted, excepting that it is averred that no well was drilled within said ninety days and that possession of said premises never was taken or attempted to be taken otherwise than as narrated on said seventh day of March. So that plaintiff’s rights are to be determined by the interpretation of the lease.
In Harris v. The Ohio Oil Co., 57 Ohio St., 118, it is held that in such a lease, while as to the extent of development there is an implied covenant on the part of the lessee that he will drill and operate such number of oil wells on the lands as ordinarily would be required for the production of the oil therein contained, the breach of such a covenant does not work a forfeiture of the lease but that the remedy is in damages, and that certain causes of forfeiture being specified in the lease others may not be implied.
In Brown et al. v. Fowler et al., 65 Ohio St., 507, a lease almost identical in its provisions with the one under consideration, excepting that the habendum clause limited it for a term of two years, and that it contained a surrender clause, was interpreted, and it was there ruled that one dollar was a sufficient consideration, that the leáse was not void for want of mutuality, and that a clause giving the lessee the right to surrender the lease at any time did not create an estate at will.
In Van Etten et al. v. Kelly, 66 Ohio St. 605, another similar lease was under consideration. *315 It contained the following clause: “In ease no well is completed within thirty days from this date then this grant shall become null and void unless second party shall pay to said first party thirty dollars each and every month in advance while such completion is delayed.” It- was held that this gave the lessee the option by making the payment to continue the lease in force to the end of the term without completing, the first well, or upon failure to make such payment, to allow the lease to become null and void at the end of thirty days after the date of the lease.
The case at bar respecting the question under consideration is not distinguishable from Gas Co. v. Eckert, 70 Ohio St., 127, where it is ruled that a ' grant without limitation as to time of all the oil, etc., upon the following terms: “First, second party agrees to drill a well upon said premises within six months from this date, or thereafter pay first party $160.00 annually until said well is drilled, or the property hereby granted is reconveyed to the first party” is, after the expiration of six months and until a well is drilled, a lease from year to year at the option of the lessee, at an annual rental of $160.00,
These cases lead to the conclusion that the plaintiff has a. valid lease of these premises for oil and gas and that the lessor, by acceptance of the stipulated rental, has waived performance, of the implied engagement to develop the premises, to the end of the last year for which rent was paid.
We have not undertaken to determine whether the instrument technically is a lease or a license, or less than a lease hut more than a license. It is the agreement the parties have seen fit to make, and since it *316 does not contravene any rule of law and is not controlled by, statute, by it tbe rights of the parties should be determined. In Consumers’ Gas Trust Co. v. Litter, 162 Ind., 320, a similar lease was under consideration, and it is there held that there was an implied engagement by the lessee to explore for oil and gas which, if not performed within a reasonable time, entitled the lessor to a forfeiture, but that the’ lessor’s acceptance from year to year of the stipulated annual rental was a waiver from year to year of performance, and that the lessor could not, at the end of the last year, claim a forfeiture by refusing to accept another payment, but that the relations of the parties then stood, with respect to the lessor’s right of forfeiture, precisely as they were at the moment the contract was executed.
This gives effect to the agreement according to the intention of the parties. In case of default after demand, the lease, by its express terms is at an end. By accepting the rental stipulated, performance of the implied engagement to develop the premises was waived to the end of each year for which it was accepted and, by refusing to accept the rent tendered on March 2, 1903, the lessor refused longer to waive performance.
The lease under consideration in Harris v. The Ohio Oil Co., supra, in terms granted the premises for the purpose of operating for oil and gas, while in the lease in the case under consideration the grant is of the oil and gas under the premises, together with the right to enter thereon for the purpose of drilling and operating for oil and gas. It is there held that a breach of an implied covenant does not work a forfeiture of the lease. Whether the lease under consideration is so different that a failure by the lessee *317 to perform the implied engagement to develop the premises would be ground of forfeiture, we do not determine. It is sufficient to say that the refusal to accept rent for the ensuing year did not eo instanti terminate the lease, but left the rights of the parties respecting the implied engagement to develop the premises as they were at the time of the execution of the lease.
It follows that the circuit court erred in dismissing the petition, and, upon the admitted facts, this court rendering the decree that court should have rendered grants the relief prayed for in the petition.

Reversed.

SpeA.r, C. J., Davis and Shauck, JJ., concur.